IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Rivel Pooler, | C/A No. 5:25-9360-JFA |
| Plaintiff, | |
| v. | |
| Inv. Marty Carrigg, | **MEMORANDUM, OPINION, AND ORDER** |
| Defendant. | |

## I.     INTRODUCTION

Plaintiff Robert Rivel Pooler filed this civil rights action in the Orangeburg County Court of Common Pleas and it was subsequently removed. The Amended Complaint raises a single claim of malicious prosecution pursuant to 42 U.S.C. § 1983 against Defendant Carrigg. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge performed an initial review of Defendants' motion to dismiss for failure to state a claim. (ECF No. 29).

Upon reviewing the motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report") and opines that this court should grant Defendants' motion to dismiss. (ECF No. 41). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

1

Plaintiff filed objections to the report on April 2, 2026 (ECF No. 43), to which Defendant replied (ECF No. 44). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150,

2

at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion to dismiss is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

## III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and, therefore, a full recitation is unnecessary here. (ECF No. 41). However, a brief summary of the factual background is necessary to aid in addressing Plaintiff's objections.

This action arises out of Plaintiff's arrest on June 16, 2021, and subsequent criminal proceedings. In short, Plaintiff had an altercation with his child's mother's boyfriend on June 16, 2021, which culminated in Plaintiff firing several shots from his legally possessed

3

firearm—one of which struck Plaintiff himself in the foot. Plaintiff was arrested shortly thereafter for attempted murder.

Plaintiff avers he acted in self-defense after his car was blocked in, and he was accosted by the mother's boyfriend. In January 2023, the state court heard Plaintiff's motion for immunity and on May 30, 2023, found Plaintiff was immune from prosecution pursuant to the Protection of Persons and Property Act, S.C. Code § 16-11-410, *et seq*. All criminal charges against Plaintiff were dismissed. Thereafter, Plaintiff brought this suit against Defendant as the officer that drafted the affidavit used to support Plaintiff's arrest warrant.

The Report recommends dismissal as to Plaintiff's sole claim of malicious prosecution. (ECF No. 41). In response, Plaintiff has enumerated three objections.[1] (ECF No. 43). Each is addressed below.

Plaintiff's scattered objections take issue with the Report's determination that Plaintiff's amended complaint fails to plausibly allege a malicious prosecution claim. Specifically, Plaintiff avers that the Report failed to account for facts included within the Immunity Order which were allegedly omitted from the affidavit Defendant submitted for the attempted murder warrant.

Initially, the court must clarify a point which Plaintiff continues to overlook. The Immunity Order Plaintiff attached to his complaint was written two years after Plaintiff

---

[1] Although Plaintiff enumerated three objections, two are identical. (ECF No. 43, p. 3). Plaintiff also asserts "secondary and follow-up objections." *Id.* Although "secondary and follow-up objections" are not provided for in any rule or case law, the court will nonetheless address each of Plaintiff's qualms.

was arrested following a two-day hearing in which the judge received testimony under oath from multiple witnesses. Plaintiff continually attempts to impute all knowledge and conclusions within the Immunity Order to Defendant at the time he swore out the affidavit supporting the arrest warrant years earlier. Plaintiff has failed to allege any facts showing that Defendant was aware or should have been aware of the multitude of conflicting witness statements, let alone the eventual outcome of a contested immunity hearing, within the hours following a shooting. A probable cause determination is based upon the information known to the officer at the time the arrest warrant was issued. *Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017)("A court should only consider the information the officers had at the time they sought the warrant."). As Defendant points out, he received information from an eyewitness that Plaintiff fired multiple shots at two individuals following an altercation. One of those individuals was struck in the back and the other was seated in a nearby vehicle. These facts were included in the warrant affidavit and are sufficient to find probable cause for attempted murder. The fact that Plaintiff was later found immune based on credibility determinations of witnesses Defendant had not interviewed in no way negates probable cause on the day of the shooting. Plaintiff's continued reference to the Immunity Order attached to his Amended Complaint is therefore misplaced.

Similarly, Plaintiff takes issue with the Report's failure to conclude that Defendant omitted exculpatory information. It appears the exculpatory information Plaintiff references is the assertion that he "was accosted by two men who had blocked the driveway with their truck, that one of the men exited the truck and physically attacked Plaintiff" prior to the shooting. (ECF No. 43, p. 4). Plaintiff does not allege how Defendant should have

5

known these facts but appears to assert this information could have been gleaned from other witnesses or the alleged victims. However, Defendant did not interview each of these individuals prior to seeking the warrant. Plaintiff's claims amount to an assertion that Defendant should have conducted a more fulsome investigation prior to arresting Plaintiff for two counts of attempted murder. However, as the Report accurately stated, "[r]easonable law enforcement officers are not required to 'exhaust every potentially exculpatory lead or resolve every doubt about a suspect's guilt before probable cause is established.' " *Wadkins v. Arnold*, 214 F.3d 535, 541 (4th Cir. 2000) (quoting *Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991)). Here, Defendant interviewed an eyewitness who affirmatively identified Plaintiff as a shooter. He relayed that information to a Magistrate Judge who then issued an arrest warrant. Accordingly, Plaintiff has failed to show any error in the Report.

Plaintiff also takes issue with the failure of the Report to address the effects of the alleged missing or misleading information. Given the above determination that Plaintiff has failed to show Defendant was aware of any such exculpatory information, any further analysis is unnecessary. However, the court agrees with Defendant's assertion that even if the affidavit were to include Plaintiff's alleged exculpatory information, the outcome would remain unchanged. Essentially, Plaintiff would have the affidavit include the assertion that Plaintiff claims he "was attacked and acted in self-defense." (ECF No. 43, p. 9). However, the uncontested fact remains that Plaintiff shot at two unarmed individuals multiple times. One he struck in the side, back, and ear. One was seated in the front seat of a car as shots struck the back glass. Even if the Magistrate Judge were to assume Plaintiff

6

claims he acted in self-defense, these facts still support a finding of probable cause for attempted murder. Probable cause is not certain cause. The assertion of a potential defense does not negate the finding of probable cause here.

Plaintiff also harps on Defendant's later inability to articulate each of the legal elements specific to a certain statutory provision—specifically the intent to kill element of attempted murder—when questioned at a later preliminary hearing. However, as the Report notes, the affidavit was drafted by a layperson in an attempt to relay the relevant facts to a magistrate judge. Defendant's responses to legal questions at a later preliminary hearing have no bearing on the probable cause analysis. Moreover, the Report notes that intent to kill with malice aforethought may be express or implied. The undisputed facts show that Plaintiff fired multiple shots at unarmed individuals. Firing multiple shots, especially into the back of one man and the rear of a truck occupied by a second man, evidences a specific intent to kill. These allegations readily support a finding of implied malice. To be sure, Plaintiff was later found to have acted in self-defense. However, the probable cause determination must be made based on the information known to the officer at the time. Here, the facts known to Defendant show the existence of probable cause for attempted murder. Accordingly, Plaintiff's claims must fail.

Plaintiff also objects to the deference the Report gives to Defendant with respect to the assumption that Defendant had to prepare the warrant applications in "the midst and haste of a criminal investigation." Plaintiff may object, however, "[t]he law recognizes that affidavits are normally drafted by nonlawyers in the midst and haste of a criminal investigation, and that therefore [t]hey must be interpreted in a commonsense manner."

*Jackson v. Carin*, 128 F.4th 525, 538-39 (4th Cir. 2025). (internal quotation marks and citations omitted); *see also Illinois v. Gates,* 462 U.S. 213, 235 (1983)). ("Technical requirements of elaborate specificity once exacted under common law pleading have no proper place in [the drafting of warrant affidavits].") (internal quotation marks omitted). Plaintiff argues that Defendant should have been in no rush considering Plaintiff was seeking treatment at the hospital when arrested. However, the law imposes no such duty on an officer to wait an unspecified amount of time prior to seeking an arrest warrant. Again, Plaintiff has shown that Defendant was aware of no facts other than Plaintiff was positively identified as the shooter in an incident involving two other individuals. Thus, Plaintiff has failed to show any error in the Report.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 41). For the reasons discussed above and in the Report, Defendant's motion to dismiss (ECF No. 29) is granted. Given that Plaintiff has attempted to assert claims arising from these arrests across four separate complaints in two separate civil actions (*Pooler v. Orangeburg County,* Civil Action 5:24-cv-04937-JFA, ECF 1-1, 1-2, and 33-1; instant action, ECF 1-4 and 25), this dismissal is with prejudice. *See Harden v. Budget Rent A Car Sys., Inc*., 726 F. Supp. 3d 415, 440 (D. Md. 2024)("[W]here a plaintiff has had the opportunity to amend her complaint to cure any deficiencies, or where

8

amendment would otherwise be futile, dismissal with prejudice is appropriate.")(citations omitted).

IT IS SO ORDERED.

April 14, 2026 Columbia,
South Carolina

Joseph F. Anderson, Jr.
United States District Judge

9