IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Rivel Pooler,<br><br>    Plaintiff,<br><br>v.<br><br>Inv. Marty Carrigg,<br><br>    Defendant. | C/A No. 5:25-9360-JFA<br><br><br><br>**MEMORANDUM, OPINION, AND<br>ORDER** |

## I.  INTRODUCTION

This matter is currently before the court on Plaintiff's motion to alter or amend (ECF No. 48) this court's prior order (ECF No. 46) which adopted the Report and Recommendation of the Magistrate Judge (ECF No. 41) and thereby dismissed this case with prejudice. This matter has been fully briefed and is therefore ripe for review. For the reasons stated below, Plaintiff's motion is denied.

## II.  FACTUAL AND PROCEDURAL HISTORY

The relevant factual and procedural history is outlined in the court's previous order at issue (the "Order") and is incorporated herein by reference. (ECF No. 46). By way of brief recitation, this action arises out of Plaintiff's arrest on June 16, 2021, and subsequent criminal proceedings. In short, Plaintiff had an altercation with his child's mother's boyfriend on June 16, 2021, which culminated in Plaintiff firing several shots from his legally possessed firearm—one of which struck Plaintiff himself in the foot. Plaintiff was arrested shortly thereafter for attempted murder.

Plaintiff avers he acted in self-defense after his car was blocked in, and he was accosted by the mother's boyfriend. In January 2023, the state court heard Plaintiff's motion for immunity and on May 30, 2023, found Plaintiff was immune from prosecution pursuant to the Protection of Persons and Property Act, S.C. Code § 16-11-410, *et seq*. All criminal charges against Plaintiff were dismissed. Thereafter, Plaintiff brought this suit against Defendant as the officer that drafted the affidavit used to support Plaintiff's arrest warrant. In response, Defendant filed a motion to dismiss which was initially reviewed by the Magistrate Judge who later provided a fulsome Report and Recommendation ("Report"). The Report recommended dismissal as to Plaintiff's sole claim of malicious prosecution. (ECF No. 41). Plaintiff filed objections to the Report which were ultimately overruled via the Order dated April 14, 2026. (ECF No. 46). This Order is the target of Plaintiff's current motion to alter or amend.

### III.    LEGAL STANDARD

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed*.)*; *Doe v. Spartanburg Cty. Sch. Dist. Three*, 314 F.R.D. 174, 176 (D.S.C. 2016) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins*. Co., 148 F.3d 396, 403 (4th Cir. 1998)). Courts "have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."

*Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). To be clearly erroneous, the earlier decision cannot be "just maybe or probably wrong; it must ... strike [the Court] as wrong with the force of a five-week old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978 at *5 n.6 (4th Cir. Sept. 5, 1995)).

Rule 59(e) motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to relitigate issues already ruled upon. *Pac. Ins. Co.*, at 403 (4th Cir. 1998) (quoting Wright et al., *supra*, § 2810.1, at 127–28). Motions to reconsider are not "opportunities to rehash issues already ruled upon because a litigant is displeased with the result." *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006) (citing *Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001)).

## IV.    ANALYSIS

Here, Plaintiff contends that the Order contains clear errors of law that must be corrected to prevent manifest injustice. Each issue is addressed below.

Initially, the court must note that Plaintiff's motion reiterates the exact same arguments presented to the Magistrate Judge prior to the Report and submitted again to the Undersigned prior to the Order. Each of Plaintiff's arguments are mere reassertions of those grounds advanced in prior filings which have been addressed and rejected multiple times. Accordingly, Plaintiff's motion is subject to denial on this ground alone. Motions to

reconsider are not "opportunities to rehash issues already ruled upon because a litigant is displeased with the result." *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006) (citing *Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001)). However, the court will address each of Plaintiff's arguments.

Plaintiff first argues that the Order did not perform the *Franks* materiality analysis that the Report itself identified as required and instead reached the materiality conclusion as a matter of law on a Rule 12(b)(6) record. Plaintiff avers the court failed to perform the requisite "excise-and-insert reconstruction test."[1] Not so. The Order clearly stated that Plaintiff's claim would be subject to dismissal "even if the affidavit were to include Plaintiff's alleged exculpatory information." (ECF No. 46, p. 6). The court noted that Plaintiff wanted the affidavit to include language averring Plaintiff acted in self-defense when shooting at two unarmed victims. Despite this, the Order found that "even if the Magistrate Judge were to assume Plaintiff claims he acted in self-defense, these facts still support a finding of probable cause for attempted murder." *Id.*, at 6-7. Plaintiff fails to show how this determination was in error. He merely disagrees with the conclusion.

Moreover, Plaintiff wholly fails to combat the court's conclusion that Plaintiff failed to "allege how Defendant should have known these facts but appears to assert this information could have been gleaned from other witnesses or the alleged victims." *Id.* at 5-

---

[1] Here, there is no allegation that any of the statements by Defendant were false. Thus, to state a plausible claim, Plaintiff must allege that Defendant intentionally or with reckless disregard made the application misleading by omitting material facts.

6. Thus, Plaintiff has failed to show that Defendant was even aware of the exculpatory information he now seeks to include in the revised affidavit language. Accordingly, Plaintiff's motion fails to show clear error.

Plaintiff next avers that the Order "conflates the probable cause standard and misinterprets and/or misapplies the idea that Plaintiff fired the shots in self-defense with the idea a reasonable officer could show probable cause to believe Plaintiff did so with the specific intent to kill." (ECF No. 48, p. 5). As before, Plaintiff again takes issue with Defendant's inability to discuss the specific intent requirement for an attempted murder charge at a later hearing. Plaintiff avers "Defendant submitted an affidavit purporting to establish probable cause for a specific-intent offense without having identified, considered, or included any facts to support the specific-intent element." (ECF No. 48). Respectfully, the court disagrees.

As the court stated numerous times, specific intent may be express or implied. Here, Plaintiff shot at two unarmed men—one of which was seated and facing away from Plaintiff. The court is well aware that Plaintiff claims he acted in self-defense and was ultimately successful in asserting that defense. However, the facts known to the officer at the time of the affidavit clearly support the finding of implied malice. To be sure, Defendant never utilized the term "specific intent" when swearing out the affidavit. However, Plaintiff's contention that he failed to include facts which support the specific intent element is incorrect. Shooting at two other unarmed individuals is evidence of the intent to harm those individuals. Defendant is not required to recite the specific statutory language with exact precision when swearing out an affidavit. "Specific intent to kill" need

not be stated in those words. Specific intent can be inferred from the allegation of multiple shots fired directly into the back of one man and into the rear window of the truck driven by the other man (whether the men were armed or unarmed). The facts here, even when construed in Plaintiff's favor, indicate the existence of specific-intent sufficient to support probable cause.

Next, Plaintiff avers that the Order did not address Plaintiff's *Chiaverini* argument as to the weapons-possession charges. This is true. Plaintiff expressly invoked *Chiaverini v. City of Napoleon*, 602 U.S. 556, 561–64 (2024), for the controlling principle that a § 1983 malicious-prosecution claim is not defeated by the presence of a co-pending charge supported by probable cause where another charge is not. Here, the court found probable cause existed as to each of Plaintiff's charges. Therefore, additional analysis pursuant to *Chiaverini* was unnecessary.

Plaintiff supports this contention by arguing that

> setting aside attempted murder as to Mr. Williams, the second attempted-murder warrant (as to Mr. Suggs) and the corresponding weapons-possession warrant lack probable cause because Judge Taylor expressly found that "the Defendant [Mr. Pooler] did not intend to cause harm to Mr. Suggs" and that "[t]he bullets that struck Mr. Suggs' truck were intended for Mr. Williams.

(ECF No. 48, p. 6). Here again, Plaintiff is attempting to impute to Defendant a conclusion from the Immunity Order issued two years after the shooting with the benefit of information Defendant did not have at the time of the investigation. Plaintiff's argument is thus improper and shows no error.

Plaintiff next argues that the Order did not give proper effect to the Immunity Order incorporated into the Amended Complaint under Rule 10(c). Again, the court must

disagree. Plaintiff has long touted the Immunity Order as evidence of the lack of probable

cause at the time of the arrest. The court took great efforts to emphasize that the

> Immunity Order Plaintiff attached to his complaint was written two years after Plaintiff was arrested following a two-day hearing in which the judge received testimony under oath from multiple witnesses. Plaintiff continually attempts to impute all knowledge and conclusions within the Immunity Order to Defendant at the time he swore out the affidavit supporting the arrest warrant years earlier. Plaintiff has failed to allege any facts showing that Defendant was aware or should have been aware of the multitude of conflicting witness statements, let alone the eventual outcome of a contested immunity hearing, within the hours following a shooting. A probable cause determination is based upon the information known to the officer at the time the arrest warrant was issued.

(ECF No. 46, p. 4-5).

> Plaintiff now asserts that he

> does not contend that Judge Taylor's legal conclusions are imputed to Defendant retroactively. Rather, the Immunity Order is offered as judicially noticeable evidence that the precipitating facts – i.e., that Plaintiff was attacked, that he acted in self-defense, that the bullets striking Mr. Suggs's vehicle were never intended for Mr. Suggs – were in fact what occurred, and that those facts were ascertainable through a reasonably diligent investigation in the hours and days following the shooting.

(ECF No. 48, p. 7).

As stated in the Order and in the Report, Plaintiff has failed to show how Defendant

was aware of any of the facts or conclusions identified in Judge Taylor's order. Plaintiff

does aver that it was reckless for Defendant not to conduct a more fulsome investigation to

discover each fact elucidated by Judge Taylor two years later. However, Plaintiff

continually ignores the portion of the Order which states "[r]easonable law enforcement

officers are not required to 'exhaust every potentially exculpatory lead or resolve every

doubt about a suspect's guilt before probable cause is established.'" *Wadkins v. Arnold*,

7

214 F.3d 535, 541 (4th Cir. 2000) (quoting *Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991)). Accordingly, Judge Taylor's Immunity Order is not the *deus ex machina* Plaintiff purports it to be.

Plaintiff also takes issue with the court's reference to the "midst and haste" doctrine. Plaintiff points to the fact that, following the shooting, he was in the hospital for treatment while Defendant was conducting the investigation and, thus, there was no need for "haste." However, Plaintiff fails to allege that Defendant was aware of Plaintiff's hospitalization during the investigation. Again, the court is constrained to look at the facts known to Defendant at the time he swore out the affidavit.

Regardless, the court previously noted that investigators are not required to wait a specific amount of time prior to swearing out an affidavit, nor are they required to exhaust every conceivable investigative avenue. The court noted that the "law recognizes that affidavits are normally drafted by nonlawyers in the midst and haste of a criminal investigation, and that therefore they must be interpreted in a commonsense manner." *Jackson v. Carin*, 128 F.4th 525, 538-39 (4th Cir. 2025)(cleaned up); *see also Illinois v. Gates,* 462 U.S. 213, 235 (1983)). ("Technical requirements of elaborate specificity once exacted under common law pleading have no proper place in [the drafting of warrant affidavits].") (internal quotation marks omitted). The court cited these cases when noting that the Defendant conducted an investigation and swore out an affidavit for attempted murder within three hours. That fact is uncontested. Plaintiff has failed to show any error in considering this fact within the court's broader analysis discussing that investigators are not required to pursue every investigative avenue and conduct an entirely exhaustive search

for evidence prior to seeking an arrest warrant. The facts here show that Plaintiff fired multiple shots at two unarmed individuals and was positively identified shortly thereafter as the shooter by his child's mother. These facts were accurately included within Defendant's affidavit. The court understands that Plaintiff wishes Defendant had gone further in his investigation. However, there is no requirement that an officer who has positively identified the shooter of two unarmed individuals, one of which was struck in the back and one of which was seated in a nearby vehicle, is required to pursue additional exculpatory facts prior to seeking an arrest warrant. Accordingly, Plaintiff has failed to show error.

Plaintiff finally takes issue with the court's decision to dismiss this matter with prejudice. Plaintiff avers "[w]ith respect to the instant pleadings, Plaintiff has not yet been afforded an opportunity to amend in response to the current Report (and ensuing Order) which asserted pleading deficiencies in the narrowed claim that was before the Court." (ECF No. 48, p. 10). Plaintiff believes the issues discussed in the Order "can be addressed through more particularized allegations." *Id.* Thus, Plaintiff requests leave to file another amended complaint. With all due respect, Plaintiff has filed four separate complaints across two separate civil actions. Each has failed to sufficiently allege a claim for malicious prosecution. Aside from the request in the last paragraph of his instant motion, Plaintiff has not moved to again amend his pleadings and has not proposed a draft of such an amendment for the Court's review, despite being on notice since September 18, 2025, that this Defendant asserted deficiencies in his pleading. "A dispositive motion … is not a 'dry run' for the nonmovant to 'wait and see' what the district court will decide before requesting

9

leave to amend." *Sysco Machinery Corporation v. DCS USA Corporation,* 143 F. 4th 222 (4th Cir. 2025)(quoting *Abdul-Mumit v. Alexandria Hyundai, LLC,* 896 F.3d 278, 292 (4th Cir. 2018) (dismissal with prejudice after multiple amendments over the course of more than a year, citing the plaintiffs' "resolute adherence to deficient complaints)). Accordingly, Plaintiff has failed to show how the dismissal with prejudice was clear error.

> Plaintiff also avers that the Order works a manifest injustice because

> the cumulative effect the Order is to extinguish a citizen's only federal remedy for nearly nine months of pretrial detention, nearly two years of restrictive electronic monitoring, and the lasting reputational and personal harms documented in the Amended Complaint (ECF No. 25 ¶¶ 14, 21, 38, 56–58), where the underlying state-court adjudication by a neutral judicial officer who heard sworn testimony from the alleged victims, the suspect's ex-girlfriend, and Plaintiff expressly found Plaintiff had acted in self-defense and immune from prosecution.

(ECF No. 48, p. 11). Stated succinctly, the extent of Plaintiff's damages played no part in the court's analysis. The dispositive issue required the court to analyze the facts as they existed at the time Defendant swore out the relevant affidavit in support of the arrest warrant. The nature and extent of Plaintiff's damages are extraneous to this analysis. The court is sympathetic to the hardships Plaintiff endured following his arrest. However, the severity of his damages is not a factor to be considered.[2] Additionally, the court has repeatedly noted that Plaintiff was ultimately successful in asserting his claims of self-defense. The Order noted, "the Immunity Order Plaintiff attached to his complaint was

---

[2] Also, the court notes that Plaintiff has repeatedly referred to his "protracted prosecution," but offers no justification in the year and half delay in filing a motion for immunity under the South Carolina's Protection of Persons and Property Act following his arrest.

written two years after Plaintiff was arrested following a two-day hearing in which the judge received testimony under oath from multiple witnesses." However, a "probable cause determination is based upon the information known to the officer at the time the arrest warrant was issued." (ECF No. 46, p. 5). Accordingly, Plaintiff's continued reference to the Immunity Order is misplaced. Thus, Plaintiff's motion must be denied.

## V.     CONCLUSION

For all of the reasons stated above, Plaintiff's motion to alter or amend (ECF No. 48) is respectfully denied.

IT IS SO ORDERED.

June 12, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

11